```
             UNITED STATES DISTRICT COURT
                DISTRICT OF MINNESOTA
                Civil No. 13-696(DSD/JJK)
```

Mark Gerdes,

        Plaintiff,

v.                                                          **ORDER**

Federal Home Loan Mortgage
Corporation, Bank of America,
NA, successor by merger to
BAC Home Loans Servicing, LP,
fka Countrywide Home Loans
Servicing, LP, Mortgage Electronic
Registration System, MERSCORP, Inc.,
Peterson, Fram & Bergman, P.A. and
also all other persons unknown
claiming any right, title, estate,
interest, or lien in the real
estate described in the complaint
herein,

        Defendants.

> William B. Butler, Esq. and Butler Liberty Law, LLC, 33 South Sixth Street, Suite 4100, Minneapolis, MN 55402, counsel for plaintiff.
>
> Andre T. Hanson, Esq. and Fulbright & Jaworski LLP, 80 South Eighth Street, Suite 2100, Minneapolis, MN 55402, counsel for Federal Home Loan Mortgage Corporation; Jared M. Goerlitz, Esq. and Peterson, Fram & Bergman, PA, 55 East Fifth Street, Suite 800, St. Paul, MN 55101, counsel for defendant Peterson, Fram & Bergman, PA.

This matter is before the court upon the motions to dismiss by defendants Federal Home Loan Mortgage Corporation (Freddie Mac); Bank of America, N.A.; Mortgage Electronic Registration System (MERS); Peterson, Fram & Bergman, P.A. (PFB) and BAC Home Loans Servicing, LP. Based on a review of the file, record and

proceedings herein, and for the following reasons, the court grants the motions.

## BACKGROUND

This mortgage dispute arises out of the foreclosure on property owned by plaintiff Mark Gerdes. On May 14, 2007, Gerdes and Countywide Home Loans, Inc. (Countywide) executed a note for property located at 237 Chestnut Street South, Belle Plaine, Minnesota. Compl. ¶¶ 1, 8. On the same day, Gerdes also executed a mortgage in favor of MERS, as nominee for Countywide.[1] Id. Ex. 1.

On October 19, 2011, MERS assigned the mortgage to Bank of America,[2] and later recorded the assignment in Scott County on November 1, 2011. Id. ¶ 12; id. Ex. 2. Thereafter, on November 2,

---

[1] The complaint alleges that the mortgage was executed on June 30, 2005, almost two years before the note was signed on May 14, 2007. See Compl. ¶ 8. A copy of the mortgage was attached to the complaint, however, and it states that the agreement was executed on May 14, 2007. See id. Ex. 1, at 11. The court presumes that the June 30, 2005, date is a remnant from a previously-drafted complaint. Gerdes's memorandum in opposition contains at least two other such instances where attorney William Butler mistakenly argues on behalf of clients he previously represented. Compare Pl.'s Mem. Opp'n 18 (arguing that "Mine has pled sufficient facts"), and id. at 19 (discussing "fraudulent representation alleged in the Quales' complaint"), with Quale v. Aurora Loan Servs., LLC, No. 13-621, 2013 WL 3166584 (D. Minn. June 20, 2013), and Mine v. Fed. Home Loan Mortg. Corp., No. 13-220, 2013 WL 2443852 (D. Minn. June 5, 2013).

[2] Bank of America is successor by merger to BAC Home Loans Servicing. Compl. ¶ 6.

2011, MERS again assigned the mortgage to Bank of America. Id. ¶ 14. This second assignment was recorded in Scott County on December 13, 2011. Id.; id. Ex. 4.

On November 28, 2011, PFB executed a Notice of Pendency and Power of Attorney (collectively, POA) and recorded the POA on December 13, 2011. Id. ¶ 16; id. Ex. 6. On February 7, 2012, PFB executed a second POA, which was recorded on March 13, 2012. Id. ¶ 18; id. Ex. 7.

Gerdes defaulted, and Bank of America, through PFB, initiated non-judicial foreclosure proceedings. Compl. ¶¶ 20, 31. Bank of America purchased the property at the foreclosure sale on June 26, 2012. Id. ¶ 20; id. Ex. 8. On July 11, 2012, Bank of America assigned the sheriff's certificate of sale to Freddie Mac. Id. ¶ 22. The assignment was recorded on August 7, 2012. Id.; id. Ex. 9.

On November 19, 2012, Gerdes filed this action in Minnesota court, alleging claims for quiet title, negligence per se and slander of title. Gerdes also seeks a declaratory judgment regarding the parties' property interests. Defendants timely removed,[3] and move to dismiss.

---

[3] Federal courts are courts of limited jurisdiction. Thomas v. Basham, 931 F.2d 521, 522 (8th Cir. 1991). As such, the court "has a special obligation to consider its own jurisdiction," even when, as here, plaintiff does not contest that subject-matter jurisdiction exists. Id. at 523 (citation omitted).

(continued...)

**DISCUSSION**

**I.  Standard of Review**

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 129 S. Ct. at 1949 (citation and internal quotation marks omitted).

---

[3](...continued)
Defendants claim that original jurisdiction exists pursuant to 28 U.S.C. § 1332(a).  See Notice Removal ¶ 13.  In the present action, however, the parties are not completely diverse.  See id. ¶¶ 6-11.  Nevertheless, for the reasons that follow, the court concludes that no reasonable claims exist against the non-diverse law firm defendant and that it was fraudulently joined.  See Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 546 (8th Cir. 2013) ("[W]e recently concluded that nearly identical claims against a resident law firm had no reasonable basis in law and fact under Minnesota law and constituted fraudulent joinder." (citation omitted)).  As a result, diversity jurisdiction exists, and removal of the matter was proper.

The court does not consider matters outside the pleadings under Rule 12(b)(6). See Fed. R. Civ. P. 12(d). The court, however, may consider matters of public record and materials that are "necessarily embraced by the pleadings." See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citation and internal quotation marks omitted). In this case, the POAs and mortgage documents are properly considered, as they were attached to the complaint and are matters of public record.

## II. Quiet Title and Declaratory Judgment

Gerdes first raises a quiet-title claim and seeks a declaration that the sheriff's sale was invalid. Specifically, Gerdes argues "upon information and belief" that (1) employees of the mortgage servicing companies did not have authority to sign the POA documents or to assign the mortgages and (2) unrecorded POAs and mortgages, including a 2007 assignment from Bank of America to Freddie Mac, exist. Based on these beliefs, Gerdes argues that the foreclosure and the assignments of the mortgage were invalid.[4]

These claims fail, however, as they are not adequately pleaded under Iqbal and Twombly and are insufficient to state a claim. "[T]he plaintiff's pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on

---

[4] MERS twice assigned the mortgage to Bank of America. See Compl. ¶¶ 12, 14. Gerdes does not argue that this irregularity gives rise to a quiet-title claim.

5

speculation that transfers affecting payees and assignments of the notes were invalid." Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013) (citations omitted), petition for cert. filed, 81 U.S.L.W. 3670 (U.S. Apr. 29, 2013) (No. 12-1303); see Richter v. Fed. Nat'l Mortg. Ass'n, No. 13-00475, 2013 WL 3223377, at *3 (D. Minn. June 25, 2013) (rejecting argument that Fannie Mae policy document could "plausibly establish [that the entity] obtained an unrecorded interest in the [p]roperty"). Gerdes responds that state law pleading standards - rather than the federal pleading standards set forth by Iqbal and Twombly - should apply. Such an argument, however, is plainly contrary to established law. See Karnatcheva, 704 F.3d at 548; Richter, 2013 WL 3223377, at *3 (rejecting argument that "Minnesota quiet title actions place the burden of proof on defendants"). As a result, Gerdes fails to state a claim, and dismissal of the quiet title and declaratory judgment claims is warranted.

**III. Negligence Per Se**

Gerdes next argues that PFB was negligent per se. Specifically, Gerdes asserts that PFB violated Minnesota Statutes § 580.05 by drafting and executing the November 28, 2011, POA on behalf of Bank of America and sending a notice of foreclosure prior to recording the POA. See Compl. ¶ 50.

"The essential elements of a negligence claim are: (1) the existence of a duty of care; (2) a breach of that duty; (3) an

injury was sustained; and (4) breach of the duty was the proximate cause of the injury." Lubbers v. Anderson, 539 N.W.2d 398, 401 (Minn. 1995) (citation omitted). "A per se negligence rule substitutes a statutory standard of care for the ordinary prudent person standard of care, such that a violation of a statute ... is conclusive evidence of duty and breach." Gradjelick v. Hance, 646 N.W.2d 225, 231 n.3 (Minn. 2002) (citations omitted).

Under Minnesota law, however, "an attorney acting within the scope of his employment as attorney is generally immune from liability to third persons for actions arising out of that professional relationship." McDonald v. Stewart, 182 N.W.2d 437, 440 (Minn. 1970) (citations omitted). "Further, attorneys are generally not liable to the client's adversary, absent evidence of an affirmative misrepresentation." Karnatcheva v. JPMorgan Chase Bank, N.A., 871 F. Supp. 2d 834, 839 (D. Minn. 2012) (citation omitted), aff'd 704 F.3d 545 (8th Cir. 2013), petition for cert. filed, 81 U.S.L.W. 3670 (U.S. Apr. 29, 2013) (No. 12-1303). Moreover, violations of § 580.05 cannot establish negligence per se. See Forseth v. Bank of Am., N.A., No. 13-38, 2013 WL 2297036, at *7 (D. Minn. May 24, 2013); Stilp v. HSBC Bank USA, N.A., No. 12-3098, 2013 WL 1175025, at *2 (D. Minn. Mar. 20, 2013). As a result, dismissal of this claim is warranted.

**IV.   Slander of Title**

Finally, Gerdes claims slander of title.  To state a claim for slander of title, a plaintiff must allege facts that show:

> (1) That there was a false statement concerning the real property owned by the plaintiff; (2) That the false statement was published to others; (3) That the false statement was published maliciously; and (4) That the publication of the false statement concerning title to the property caused the plaintiff pecuniary loss in the form of special damages.

Paidar v. Hughes, 615 N.W.2d 276, 279-80 (Minn. 2000) (citation omitted).  The filing of an instrument known to be inoperative is a false statement that, if done maliciously, constitutes slander of title.  Kelly v. First State Bank of Rothsay, 177 N.W. 347, 347 (Minn. 1920).

In the present case, Gerdes has alleged no facts from which the court could infer that defendants made a false statement, that defendants acted with malice or that Gerdes suffered any pecuniary damages from a publication concerning his title to the property. See Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1257-58 (8th Cir. 2013) (dismissing similarly-pleaded slander-of-title claim). Therefore, Gerdes fails to state a claim for slander of title, and dismissal is warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motions to dismiss [ECF Nos. 8, 12] are granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 30, 2013

s/David S. Doty
David S. Doty, Judge
United States District Court
